UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
FILED 2014 MAY 16 AM 9: 56

JOSE SANCHEZ,

    Plaintiff,

vs.

CASE NO.: 6:14-CV-765-ORL-37-KRS

POINCIANA PIZZA PLACE, INC.,
D/B/A LEMAYS PIZZA, A
FLORIDA PROFIT
CORPORATION,
AND CHRISTINE MITCHELL,
INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE SANCHEZ, by and through the undersigned attorney, sues the Defendants, POINCIANA PIZZA PLACE, INC., a Florida Profit Corporation, D/B/A LEMAYS PIZZA, and CHRISTINE MITCHELL, individually, and alleges:

    1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

    2.    Plaintiff worked for Defendants from March 2010 to December 2013.

    3.    Plaintiff worked as a non-exempt cook for Defendants, in Kissimmee, Florida.

    4.    During his employment with Defendants, Plaintiff was paid by the hour.

5. This action is brought under the FLSA to recover from Defendants, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. Defendant, POINCIANA PIZZA PLACE, INC., is a Florida Corporation that operates and conducts business in, among others, Osceola County, Florida and is therefore, within the jurisdiction of this Court.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. Defendant, POINCIANA PIZZA PLACE, INC., operates under the fictitious business name LEMAY'S PIZZA.

9. During all times material, POINCIANA PIZZA PLACE, INC., earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were restaurant supplies and equipment, food, beverages, and other goods and materials which originated from outside the state of Florida.

12. As a result, Defendant POINCIANA PIZZA PLACE, INC., is an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s).

13. At all times relevant to this action, CHRISTINE MITCHELL, was an individual resident of the State of Florida, who owned and operated POINCIANA

PIZZA PLACE, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of POINCIANA PIZZA PLACE, INC. By virtue of having regularly exercised that authority on behalf of POINCIANA PIZZA PLACE, INC., CHRISTINE MITCHELL is an employer as defined by 29 U.S.C. § 201, et seq.

## FLSA VIOLATIONS

14. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff full overtime compensation for overtime hours he worked.

15. At all time relevant, Plaintiff was an hourly paid, non-exempt employee of Defendants.

16. Plaintiff was entitled to be paid the overtime premium rate of one and one-half his regular rate of pay, for hours he worked in excess of forty (40) in a week.

17. During his employment with Defendants, Plaintiff routinely worked more than forty (40) hours in a work week.

18. However, Defendants would only pay Plaintiff straight time pay for the hours he worked in excess of forty (40) in a week. *See* Exhibit 1.

19. As a result, Plaintiff did not receive full time and one-half overtime compensation for the overtime hours he worked.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in

the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. Plaintiff was entitled to be paid overtime compensation for each hour he worked in excess of forty (40) per work week.

23. During his employment with Defendants, Plaintiff worked overtime hours on a weekly basis, but was only paid his regular pay, and not full and complete overtime compensation for those overtime hours.

24. Defendants did not have a good faith reason for its failure to pay Plaintiff full overtime compensation.

25. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSE SANCHEZ, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 15th day of May, 2014.

_____
C. Ryan Morgan, Esq.
FBN 0015527
Corey Moore, Esq.
FBN0093615
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email:      RMorgan@forthepeople.com
Attorneys for Plaintiff